# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | |
|---|---|
| BOB AARON MIKELL ) | |
| ) | |
| v. ) | Case No. CV609-065 |
| ) | |
| UNITED STATES OF AMERICA ) | |

## REPORT AND RECOMMENDATION

Proceeding pro se, Bob Aaron Mikell has filed a "Notice of Motion For Relief Pursuant to 28 U.S.C. § 2255 to Vacate/Set Aside," and attests that in June 2008 he filed three state habeas petitions attacking the three prior convictions used to enhance his federal court sentence. Doc. 1 at 2. As of August 12, 2009, he asserts, "the three writs are pending in the Supreme Court of Georgia, under review." *Id.* at 2. Evidently anxious about the one-year limitation period for filing a § 2255 motion, he wrote to an Assistant U.S. Attorney to inquire "whether or not, as a pro se litigant[, he] is entitled to [an] additional 90 days to file [a] § 2255 [motion], if [he] did not file a Certiorari. . . ." *Id.* He points out that he lacks access to a law library. *Id.*

At bottom, Mikell has filed a placeholder motion designed to elicit legal advice about the § 2255 limitations period (i.e., whether he is going to exceed it),[1] if not to assuage his anxiety about missing it, and perhaps stop the limitations clock. Of course, this Court cannot give legal advice. *Burke v. Morgan*, 2009 WL 1598420 at * 4 (E.D. Ky. June 4, 2009) (unpublished) ("The Court is not empowered either to dispense legal

---

[1] Defendants who "originally received enhanced sentences as career offenders due to previous state court felony convictions may challenge the enhanced sentence if a state court subsequently vacates the predicate convictions. *United States v. Gadsen*, 332 F.3d 224, 228 (4th Cir.2003) (citing *Daniels v. United States*, 532 U.S. 374, 382, 121 S.Ct. 1578, 149 L.Ed.2d 590 (1994))." *United States v. Longshore*, ___ F.Supp.2d ___, 2009 WL 2366333 at * 3 (D. Md. Jul 29, 2009). But they must file their § 2255 motion within one year of that event. This jibes with § 2255's general requirement that the § 2255 motion itself be filed within one year from

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed. . . .;

(3) the date on which the right asserted was initially recognized by the Supreme Court. . . .;

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). But as this Court has said, a claim attacking a career offender classification is not ripe until a sufficient number of state convictions have been vacated to negate that classification. *McCloud v. United States*, 2008 WL 3853428 at * 8 (S.D. Ga. Aug.18, 2008) (unpublished). Put another way, vacatur of a sufficient number of state convictions is a necessary predicate for relief. Hence, the one-year limitations period does not begin to run until the state courts have vacated enough of the § 2255 movant's prior convictions to negate his career offender status. *Id.* Some defendants wait too long. *See, e.g., Hamilton v. United States*, 2008 WL 4533692 at * 2 (S.D. Ga. Oct. 6, 2008) (unpublished) (§ 2255 movant was not entitled to have his federal sentence for distribution of crack cocaine set aside or corrected after his state sentences, which the federal court relied upon at sentencing, were vacated. He did not act with reasonable diligence in seeking to vacate the state sentences, but waited more than 21 months after his federal sentence was imposed to attack his state sentences); *see generally* Larry W. Yackle, POSTCONVICTION REMEDIES § 8:4 (*Pleading--Timing of petition*) (July 2009).

2

advice to parties, or to practice their case on their behalf."); *Landry v. Davis*, 2009 WL 274242 at * 4 (D. Kan. Jan. 26, 2009) (unpublished) ("Federal courts may not provide legal advice to a pro se litigant, just as they may not provide legal advice to a party represented by an attorney"); *Brown v. Carswell*, 2006 WL 2690020 at * 1 n. 1 (N.D. Tex. Sept. 19, 2006) (unpublished) ("Since Petitioner's letter only sought legal advice, which courts lack the authority to give, no filing fee will be assessed for this case.").

Mikell's § 2255 motion is not ripe, as he seeks only to challenge his enhanced sentence, so it should be **DISMISSED WITHOUT PREJUDICE** under § 2255 Rule 4.

Mikell also has filed a "Demand for Guilty Plea Transcripts" (his Sept. 13, 2007, Fed. R. Cr. P. 11 proceeding before this Court). Doc. 2. He cites no authority for what in reality is a demand that the taxpayers pay for this expense. The general rule is this:

> While it is true that a criminal defendant has a right to a free copy of the transcript of his criminal trial, *Jackson v. Estelle*, 672 F.2d 505, 506 (5th Cir.1982) (citing *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956)), it is also true that even in that limited circumstance, copies of documents or transcripts are not to be freely provided to support 'fishing expeditions' to seek out possible errors at trial." *Id.* (citations and quotations omitted); *accord Woods v. Butler*, 847 F.2d 1163, 1168 (5th Cir.), *cert. denied,*

3

488 U.S. 970, 109 S.Ct. 502, 102 L.Ed.2d 538 (1988); *Lindsey v. Smith*, 820 F.2d 1137, 1147 (11th Cir.1987) (citing *Britt v. North Carolina*, 404 U.S. 226, 230, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971)), *cert. denied*, 489 U.S. 1059 (1989)).

*United States v. Bowler*, 1998 WL 158732 at * 1 (E.D. La. Mar. 26, 1998) (unpublished). Mikell, however, is "fishing" in collateral-proceeding (§ 2255) waters here.

In civil cases -- § 2255 is a civil/criminal hybrid -- courts that have addressed the matter denied relief under 28 U.S.C. § 1915. *See Tabron v. Grace*, 6 F.3d 147, 159 (3rd Cir. 1993) (concluding "that there is no statutory authority for a court to commit federal funds to pay for deposition transcripts"); *see generally* Ann., 142 A.L.R. FED. 627 § 6[a] (*Transcripts of proceedings -- Payment for transcript not allowed*) (1997).

Another statute is 28 U.S.C. § 753(f), which in pertinent part says:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal. Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit

4

judge certifies that the appeal is not frivolous (but presents a substantial question). The reporter may require any party requesting a transcript to prepay the estimated fee in advance except as to transcripts that are to be paid for by the United States.

28 U.S.C. § 753(f); *see also United States v. Francisco*, 2009 WL 2518506 at * 1 (3rd Cir. Aug. 19, 2009) (unpublished) ("The District Court may order that transcripts be provided in proceedings brought pursuant to 28 U.S.C. § 2255 to persons permitted to sue or appeal in forma pauperis, but the District Court must certify that the motion is not frivolous and that the transcript is needed to decide the issue presented. 28 U.S.C. § 753(f)"). This Court cannot presently certify that, because movant's § 2255 motion is not ripe, so his transcript "demand" is therefore **DENIED**. Doc. 2.

**SO REPORTED AND RECOMMENDED,** this 17th day of September, 2009.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA