UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

BOB AARON MIKELL,

Petitioner,

v.   6:09-cv-65

UNITED STATES OF AMERICA,

Respondent.

## ORDER

### I. INTRODUCTION

Petitioner Bob Aaron Mikell ("Mikell") pled guilty to possession with intent to distribute cocaine on January 8, 2008. *See* 6:06-cr-26-10 (the "Criminal Case"), Doc. 919. This Court sentenced him to 132 months' imprisonment. *See* Criminal Case, Doc. 751. Mikell appealed his sentence, and the Eleventh Circuit affirmed. *See* Criminal Case, Doc. 839.

On September 8, 2009, Mikell requested habeas corpus relief by way of a motion to vacate, set aside or correct his sentence. *See* Doc. 1. This Court denied Mikell's motion on March 3, 2011. *See* Docs. 43, 44.

The convoluted procedural history of this case is outlined in detail by the Government in its response to the instant motion. *See* Doc. 46 at 1-5. Mikell's 60(b) motion to reconsider the denial of habeas relief is currently before the Court. *See* Doc. 45.

### II. ANALYSIS

In his motion for reconsideration, Mikell alleges that the Court should have granted habeas relief on the basis that a previous state court drug conviction was improperly considered during sentencing. *See id.* at 1. Mikell made the same argument, among others, in his original habeas petition. *See* Doc. 35 at 4.

Because Mikell seeks the same substantive relief here that he did in his habeas petition, the instant motion is properly construed as a successive habeas petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005) (holding that a Rule 60(b) motion should be construed as a second or successive habeas petition when it advances claims that were presented in a prior application); *Williams v. Chatham*, 510 F.3d 1290, 1293-94 (11th Cir. 2007) (A motion for reconsideration is to be treated as a successive habeas petition if it: "(1) seeks to add a new ground of relief; or (2) attacks the federal court's previous resolution of a claim on the merits.") (internal quotations omitted).

In order for Mikell to properly file a second or successive 2255 motion, he must first obtain permission to do so from the Eleventh Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A) (stating that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"); *see also* 28 U.S.C. § 2255 (h) (referencing section 2244's certification requirement).

Specifically, the appellate court must certify that the second or successive petition contains: "(1) newly discovered evidence that, if proven and viewed in light of the

evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Therefore, this Court is not authorized to review the substance of Mikell's arguments absent permission from the Eleventh Circuit. *See Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997) (stating that pursuant to section 2244, "the district court lacked jurisdiction to consider [the petitioner's] request for relief because [he] had not applied to [the appropriate court of appeals] for permission to file a second habeas petition").

Mikell has presented no evidence that he has either requested or received the Eleventh Circuit's blessing to file this successive petition. Until such permission is granted, this Court lacks jurisdiction to consider his arguments.

### III. CONCLUSION

Mikell's motion for reconsideration is **DENIED.**

This 7th day of April 2011.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA