UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

BOB AARON MIKELL,

Petitioner,

v.                     6:09-cv-65

UNITED STATES OF AMERICA,

Respondent.

### ORDER

### I.   INTRODUCTION

Before the Court is Petitioner Bob Aaron Mikell's ("Mikell") "Motion for Relief from Judgment or Order Pursuant to Federal Rule of Civil Procedure, R. 60(b)(2)(3)(5)." *See* Doc. 54.

### II.   BACKGROUND

Mikell pled guilty to conspiracy to possess with intent to distribute cocaine hydrochloride and cocaine base. *See United States v. Pinkston et al.*, No. 6:06-cr-26, Doc. 702 (S.D. Ga. Jan. 9, 2008). He cooperated with the Government and received a reduced, 132-month sentence, then unsuccessfully appealed on sentencing-unreasonableness grounds. *Id.* at 2; *id.*, Docs. 751 at 37-38; 839; *United States v. Mikell*, 284 F. App'x 707 (11th Cir. 2008).

On September 8, 2009, Mikell filed a § 2255 motion to vacate his federal sentence. *See* Doc. 1. The Magistrate Judge, however, considered the motion not ripe for adjudication and issued a Report and Recommendation ("R&R") recommending that the Court dismiss Mikell's motion without prejudice. *See* Doc. 4. This Court adopted the R&R. *See* Doc. 10.

The Magistrate Judge subsequently reopened the case. *See* Doc. 15. On January 26, 2011, the Magistrate Judge issued an R&R recommending that Mikell's motion for reconsideration and his renewed § 2255 motion should both be denied on substantive grounds. *See* Doc. 35 at 20. The Magistrate Judge dismissed as meritless Mikell's various claims, which the Magistrate Judge grouped under three general categories: (1) claims of ineffective assistance of counsel; (2) claims that the Court should act as if the state habeas court had vacated his underlying state convictions; and (3) defects in the actual guilty plea and sentencing procedures. *See* Doc. 35 at 3-4.

This Court adopted the R&R over Mikell's objections. *See* Docs. 41; 43.

Mikell filed a Rule 60(b) motion to reconsider the Court's denial of habeas relief. *See* Doc. 45. This Court denied the motion. *See* Doc. 47. The Court construed the motion as a successive habeas petition and concluded that because Mikell had not received permission to file the "successive petition," the Court lacked jurisdiction to consider his arguments. *See id.* at 2.

Mikell appealed this Court's denial of habeas relief. *See* Doc. 48. The Eleventh Circuit denied Mikell's motion for Certificate of Appealability ("COA"). *See* Doc. 53. The Circuit remarked that Mikell's "guilty plea was knowing and voluntary, his counsel rendered effective assistance," and his other claims under *Miranda* and the

Fourth Amendment were procedurally barred. *See id.* at 2.

## III. ANALYSIS

Currently before the Court is Mikell's motion for relief from judgment pursuant to Federal Rules of Civil Procedure 60(b)(2),(3), and (5). *See* Doc. 54. The Government has filed a response, arguing that most of Mikell's claims in his motion must be raised in a properly authorized successive habeas motion and regardless, none of the claims establish entitlement to relief under Rule 60(b). *See* Doc. 61 at 10-23.

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence . . . (3) fraud . . . misrepresentation, or misconduct by an opposing party;   [or] (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable . . . ."

FED. R. CIV. P. 60(b)(2), (3), (5).

A motion for reconsideration is to be treated as a successive habeas petition if it: "(1) seeks to add a new ground of relief; or (2) attacks the federal court's previous resolution of a claim *on the merits.*" *Williams v. Chatham*, 510 F.3d 1290, 1293-94 (11th Cir. 2007) (internal quotations omitted).

A petitioner is not making a habeas corpus claim, however, when the petitioner alleges "some defect in the integrity of the federal habeas proceedings" or "when he merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Gonzalez v. Crosby,* 545 U.S. 524, 532 & n.4 (2005).

In order for Mikell to properly file a second or successive § 2255 motion, he must first obtain permission to do so from the Eleventh Circuit Court of Appeals. *See* 28 U.S.C. § 2244; *id.* § 2255(h).

Mikell argues that newly-discovered records from his 1997 state court conviction demonstrate that he went unrepresented during critical stages of the proceedings. *See* Doc. 54 at 5-7, 10-15. The Magistrate Judge accepted "the state habeas court's factual findings and legal conclusions -- that Mikell was represented for his 1994 conviction, voluntarily and knowingly pled guilty on it, and suffered no due process violation as a result of it . . .; also, he validly waived his right to counsel, and thus knowingly and voluntarily pled guilty on his 1997 conviction." *See* Doc. 35 at 18-19. This Court adopted the same view. *See* Doc. 43.

Mikell's attempt to proffer new evidence in support of his claim for habeas relief constitutes a successive habeas petition. *Chatham*, 510 F.3d at 1294 (finding that a Rule 60(b) motion based on "allegedly newly-discovered evidence" is a "merits related claim[]" and thus is "part of a

2

successive petition"); *see also Gonzalez*, 545 U.S. at 531. Thus, the Court lacks subject matter jurisdiction to entertain Mikell's argument regarding newly-discovered evidence.

Mikell also argues that due to an alleged change and clarification in the law, his 1994 conviction for the sale of cocaine no longer qualifies as a controlled substance offense. *See* Doc. 54 at 15-19. Moreover, Mikell proffers that, due to a "clarification of the law," his 1997 drug distribution conviction is invalid. *See id.* at 19.

Rule 60(b) motions alleging changes in the law justifying relief constitute impermissible successive habeas petitions. *See Murphy v. United States*, 438 F. App'x 818, 819-20 (11th Cir. 2011) (determining that "changes in the law" must be raised in a second or successive § 2255 motion); *United States v. Martinez*, 338 F. App'x 846, 846-47 (11th Cir. 2009); *see also Gonzalez*, 545 U.S. at 531-32. Therefore, the Court does not have jurisdiction to consider Mikell's unauthorized arguments regarding changes or clarifications in the law. Moreover, the Court does not have jurisdiction to consider new grounds of relief or old arguments re-packaged in his Rule 60(b) motion. *Chatham*, 510 F.3d at 1293-94.

Finally, Mikell avers that the Government made ten fraudulent misrepresentations about his 1994 and 1997 convictions in its response to his § 2255 motion. *See* Doc. 54 at 8-9; *see also* Doc. 17 at 22-23. This argument alleges a "defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532. Thus, the Court has jurisdiction to entertain this argument. *See Zakrzewski v. McDonough*, 490 F.3d 1264, 1266 (11th Cir. 2007) (recognizing that allegations of "fraud on the court" could be raised in a subsequent Rule 60(b) motion).

"To obtain relief from a final judgment based upon fraud under Rule 60(b)(3), the moving party must prove by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct. The moving party must also demonstrate that the conduct prevented them from fully presenting his case."

*Waddell v. Hendry Cnty. Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003) (citation omitted).

Mikell does not demonstrate how any of the statements are in fact false or how the Court relied on such statements in its denial of his § 2255 petition. Nor does he explain how these statements prevented him from fully presenting or arguing his case.

Mikell has not come close to demonstrating entitlement to relief from the Court's order based on the allegedly fraudulent misrepresentations. His argument that the Government obtained dismissal of his petition through fraud is ***DENIED*** as meritless.

IV.   **CONCLUSION**

Mikell's "Motion for Relief from Judgment or Order Pursuant to Federal Rule of Civil Procedure, R. 60(b)(2)(3)(5)," *see* Doc. 54, is ***DENIED***.

3

This 6th day of March 2012.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4