UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

BOB AARON MIKELL,

Petitioner,

v.     6:09-cv-65

UNITED STATES OF AMERICA,

Respondent.

## ORDER

### I. INTRODUCTION

Before the Court is Petitioner Bob Aaron Mikell's ("Mikell") "Motion for a Non-Successive § 2255 Motion." ECF No. 72. Mikell—in what amounts to his fourth attempt—seeks to challenge his sentencing as a career offender for conspiracy to possess with intent to distribute cocaine hydrochloride and cocaine base. *See* ECF Nos. 72, 73; *United States v. Pinkston et al.*, No. 6:06-cr-26, ECF No. 702 (S.D. Ga. Jan. 9, 2008). The Court construes the motion as a second or successive habeas petition[1] and—for the fourth time—*DENIES* Mikell's request for relief for the following reasons.

### II. BACKGROUND

Mikell filed his first § 2255 motion to vacate his federal sentence on September 8, 2009. ECF No. 1. This Court ultimately denied the motion on substantive grounds. ECF No. 43. Mikell thereafter moved the Court under Federal Rule of Civil Procedure 60(b) to reconsider its denial. ECF No. 45. Once again, the Court denied Mikell's motion. ECF No. 47.

Mikell appealed the denial of reconsideration but the Eleventh Circuit denied his motion for a certificate of appealability. ECF No. 53. Most recently, Mikell filed another Rule 60(b) motion, which this Court construed as a second or successive habeas petition and denied. ECF No. 62. Now Mikell moves the Court for what he labels a "non-successive" § 2255 motion. *See* ECF Nos. 72; 73.

### III. ANALYSIS

At bottom, Mikell argues that the Supreme Court's recent decisions in *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012), serve to invalidate his 1997 conviction for possession of cocaine with intent to distribute that qualified him as a career offender. *See* ECF No. 73 at 5-6. Therefore, Mikell concludes, the Court should resentence him based on a requested new pre-sentence investigation discounting the 1997 conviction. *See* ECF No. 72. New legal arguments or not, Mikell requests this Court vacate his sentence. That is the very definition of a petition for habeas corpus.

And regardless of the merit of Mikell's new legal arguments, the Court must deny his motion. 28 U.S.C. § 2255(h) requires that "[a] second or successive motion . . . be certified as provided in section 2244 by a panel of the appropriate court of appeals." A petition is second or successive if it is "filed subsequent to the conclusion of a proceeding that counts as the first." *Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002) (internal quotation marks omitted); *see also United States v. Camejo-Rodriguez*, 413 Fed.

---

[1] Courts have the authority to "look behind the label" and re-characterize pro se filings. *Good v. United States*, 627 F.3d 846, 848 (11th Cir. 2010).

App'x 158, 160 (11th Cir. 2011) ("Undoubtedly, the conclusion that a habeas petition is a 'second or successive' petition requires the existence of a first."). Habeas petitions that have "reached *final* decision count[] for this purpose." *Ching*, 298 F.3d at 177.

Mikell's original § 2255 filing certainly is a "first" petition. *See* ECF No. 1. But Mikell has not requested the Court of Appeals certify this most recent habeas petition as required by § 2255(h). "When a person files a second or successive motion to vacate without having obtained the appropriate authorization from the court of appeals, the proper remedy is to dismiss the claims raised in the motion." United States v. Terrell, 141 Fed. App'x 849, 852 (11th Cir. 2005); see also 28 U.S.C. § 2244(b)(2)-(3). That precise situation exists here.

## IV. CONCLUSION

The Court therefore *DENIES* Mikell's motion and *DISMISSES* the claims contained therein.

This 19 day of November 2012.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2